**Terry M. TURNER, Plaintiff— Appellant,**

v.

**CITY AND COUNTY OF HONOLULU; et al., Defendants—Appellees.**

**No. 08–16410.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 22, 2010.

Terry M. Turner, Petersburg, VA, pro se.

Kate S. Metzger, Esquire, Deputy Corporation Counsel, Office of Corporation

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel, Honolulu, HI, for Defendants–Appellees.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

### MEMORANDUM **

Terry M. Turner appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his constitutional rights and negligence in connection with criminal proceedings against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *ACLU of Nev. v. City of Las Vegas,* 466 F.3d 784, 790–91 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment for defendants on statute of limitations grounds because Turner failed to raise a triable issue as to whether the limitations period was tolled after July 2004, and he did not file this action until more than two years later. *See Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir.2007) (explaining that, for section 1983 actions, courts apply the forum state's statute of limitations for personal injury actions and that state's tolling provisions); Haw.Rev.Stat. § 657–7 (providing two-year statute of limitations for personal injury actions under Hawaii law); Haw.Rev. Stat. § 657–13 (allowing for tolling of the limitations period for insanity or imprisonment); *Buck v. Miles,* 89 Hawai'i 244, 971 P.2d 717, 724–25 (1999) (defining insanity for tolling purposes).

Turner's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).